IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK M. HUGHEY,<br>   Petitioner, | )<br>)<br>) |
|    v. | )   Civil Action No. 15-1148<br>)<br>) |
| COMMONWEALTH OF PENNSYLVANIA,<br>et al.,<br>   Respondents. | )<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

I.   Recommendation

It is respectfully recommended that the above-captioned case be dismissed for petitioner's failure to prosecute.

II.   Report

Petitioner, Patrick M. Hughey, an inmate incarcerated at the Washington County Jail, has submitted a habeas corpus petition against respondents, the Commonwealth of Pennsylvania, Washington County, the Pennsylvania Board of Probation and Parole and the Washington County Adult Probation Office. However, he has not submitted the filing fee or a motion for leave to proceed in forma pauperis to prosecute this case.

On September 3, 2015, an order was entered (ECF No. 2), directing Petitioner to submit either the $5.00 filing fee or a motion to proceed in forma pauperis by September 24, 2015, as well as submitting his petition on the enclosed proper habeas corpus forms, and noting him that failing to submit either of these document would be construed as indicating his decision not to continue prosecution with this case. To date, he has not filed any response.

A case cannot proceed without the payment of the filing fee or the granting of in forma pauperis status. In forma pauperis status cannot be granted without the appropriate documents, including the motion and an inmate accounting statement for the prior six-month period.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court. <u>Mindek v. Rigatti</u>, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors. These factors, as set forth in <u>Poulis v. State Farm Fire and Casualty Company</u>, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

>   (1)   The extent of the party's personal responsibility.
>
>   (2)   The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.
>
>   (3)   A history of dilatoriness.
>
>   (4)   Whether the conduct of the party or the attorney was willful or in bad faith.
>
>   (5)   The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.
>
>   (6)   The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Petitioner's failure to comply with this Court's orders which weigh heavily against him. Such compliance was not only Petitioner's sole personal responsibility, <u>Emerson v. Thiel College</u>, 296 F.3d 184, 190 (3d Cir. 2002), but his continued failure to submit documents and the filing fee even after the Court ordered him to do so appears willful and constitutes a history of dilatoriness.

With respect to the second factor – the prejudice caused to the adversary by the petitioner's failure to comply with this Court's orders – the case cannot proceed until the

Petitioner submits the listed documents and therefore his failure to do so causes the respondents prejudice. Finally, factor No. 6 – the meritoriousness of the claim – will be weighed neither in favor nor against Petitioner. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. It does not appear that monetary sanctions are appropriate. Emerson, 296 F.3d at 191. Thus, dismissal appears to be the most appropriate action for this Court to take.

For these reasons, it is recommended that the above-captioned case be dismissed for Petitioner's failure to prosecute.

Litigants who seek to challenge this Report and Recommendation must seek review by a district judge by filing objections within fourteen (14) days. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections will waive the right of appeal.

                                       Respectfully submitted,

                                       s/Robert C. Mitchell
                                       ROBERT C. MITCHELL
                                       United States Magistrate Judge

Dated: November 2, 2015

cc:    Patrick M. Hughey
        Washington County Jail
        100 West Cherry Avenue
        Washington, PA 15301